IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                              CHAPTER 13 CASE NO.:

JAMES E. COLEMAN, JR. and                                      19-11273-JDW
MEKISHA N. COLEMAN

## OBJECTION TO CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1. The Debtor[1] initiated this proceeding with the filing of a voluntary petition for relief on March 25, 2019. The Chapter 13 plan (Dkt. #6) (the "Plan") was filed on March 25, 2019.

2. The Debtor is below median income and has proposed a plan term of 60 months with no distribution to nonpriority unsecured creditors.

3. Debtor1 has obtained new employment since the petition date. Schedule I must be amended regarding the new employment and Debtor1 must provide to the Trustee with no less than one month of pay advices. Without the opportunity to review Debtor1's current income, the Trustee alleges that the Plan does not provide for payment of all projected disposable income to nonpriority unsecured creditors. The Plan does not meet the requirement of §1325(b)(1)(B).

4. According to the testimony of Debtor1 at the Section 341(a) Meeting of Creditors (the "341 Meeting"), he is obligated to make continuing payments for a domestic support obligation ("DSO"). Neither the Plan nor Schedule E provide for the DSO claim. Both must be amended.

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise (e.g. Debtor1 or Debtor2).

1

5. The Plan does not contain a provision for the following claims: First Heritage Credit (Clm. #6), Express Check Advance of MS, LLC (Clm. #21), and the Internal Revenue Service (Clm. #23). The Plan must be amended.

6. In Section 8.1 of the Plan, the Debtor proposes a separate classification and treatment for unspecified student loan claims. Such treatment should be removed from Section 8.1 and provided for in Section 5.2. The Plan must be amended.

7. According to the testimony of Debtor1 at the 341 Meeting, he has not maintained as current the post-petition DSO payments as required by §1325(a)(8).

8. The Trustee requests that confirmation of the Plan be denied. Should the Debtor be delinquent in plan payments at the time of the hearing on this Objection, the Trustee also requests that the bankruptcy case be dismissed.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: May 22, 2019

>Respectfully submitted,
>LOCKE D. BARKLEY, TRUSTEE
>
>BY: /s/ W. Jeffrey Collier
>W. JEFFREY COLLIER, ESQ.
>Attorney for Trustee
>6360 I-55 North, Suite 140
>Jackson, Mississippi 39211
>(601) 355-6661
>ssmith@barkley13.com
>MSB No. 10645

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: May 22, 2019

      /s/ W. Jeffrey Collier
      W. JEFFREY COLLIER